0872

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent v. Beverly O'BANNER and Jerry Notch Holmes, of whom Beverly O'Banner is Appellant.

In re Lucy Mae O'BANNER and Jerome O'Banner, minor children.

(353 S. E. (2d) 151)

Court of Appeals

*George J. Morris*, of *Morris, Duffy & Boone*, Charleston, *for appellant.*

*Thomas E. Mosley*, of *South Carolina Dept. of Social Services*, Columbia, *for respondent.*

Heard Dec. 15, 1986.

Decided Feb. 2, 1987.

SHAW, Judge:

Appellant-mother, Beverly O'Banner, appeals a family court order terminating her parental rights to her two children. We affirm. .

In her appeal, O'Banner assigns a number of errors to the family court, all of which basically challenge the strength of evidence supporting the court's findings.

On appeal from the family court on the issue of termination of parental rights, this court may review the record and make its own finding whether clear and convincing evidence supports termination. *Chambers v. Anderson County Department of Social Services,* 280 S. C. 209, 311 S. E. (2d) 746 (Ct. App. 1984).

A parent's rights may be terminated if, among other things, the child has been removed from the parent for six months and, despite attempted rehabilitation, the parent has not remedied the conditions which caused the removal, or the parent has a diagnosable condition which is unlikely to change within a reasonable time and which makes the parent unlikely to provide minimally acceptable care of the child. S. C. Code Ann. § 20-7-1572(2) and (6) (1976, as amended).

We hold, based on clear and convincing evidence in the record, the family court did not err in terminating O'Banner's parental rights because conditions which caused her children's removal have not been remedied and because she cannot provide them with minimally acceptable care.

O'Banner's two children are ages seven and nine. The children were ordered into emergency protective custody in February of 1982. The children were removed because O'Banner and the children's father, Jerry Notch Holmes,[1] left them with a sixty-two year old man, Louis Jones, without any specified plans to return for them. Jones lives in a very dilapidated house with no electricity or running water. Jones informed DSS O'Banner left the children with him

---

[1] Holmes has evidently now deserted his family and is not involved in this appeal.

because she was hospitalized. However, he claimed O'Banner had been released from the hospital and had not informed him of any plans regarding the children. He stated he could not take care of the children with his limited resources and the father had offered no financial support.

The record reveals although conditions have technically changed, they have not improved. O'Banner currently resides with a Mrs. Elizabeth Sanders. She lives in a room next to Sanders' house. The room has no separate toilet facilities. She has consistently failed to complete recommended counseling and parenting classes. She has not been consistent in visiting the children while they have been in the custody of DSS. In fact, she went for several months without visiting the children.

Dr. Margaret Greer, a psychologist with the Mosely Clinic, evaluated O'Banner in 1983. Dr. Greer testified O'Banner will need adult help with many normal activities such as emergency care of the children, reading labels, and managing her finances. Dr. Thomas Gary Hiers, a clinical psychologist, is Director of the Children's Services of the mental health center in Charleston. He testified he observed O'Banner about twenty times over several years. He stated she cannot provide minimally acceptable care for the children by herself and her history showed little hope for much improvement in such an ability. He anticipates further hospitalizations for her mental problems and further psychotic episodes. In response to a question concerning the supervision O'Banner would need, Dr. Hiers responded, "... you need a full-time functional adult around most of the time, always available."

In addition both the mother's guardian *ad litem* and the children's guardian *ad litem* recommended termination of parental rights. O'Banner's guardian *ad litem*, Thomasina Cook, testified O'Banner needs supervision and is not able to take care of the children. She also stated O'Banner's living conditions are inadequate for the children.

Section 20-7-1572 gives the family court discretion in terminating parental rights. Based on the evidence in the record, we hold the family court did not abuse its discretion.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.