23561

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent v. Cherry Diann Kampf BROOME and Henry Allen Broome, Defendants, Of Whom Cherry Diann Kampf Broome is Appellant. In the interest of Savannah Joann BROOME, D.O.B.: 12/16/85.

(413 S.E. (2d) 835)

Supreme Court

*J. Cordell Maddox, Jr.* of *Jones, Spitz, Moorhead, Baird and Maddox,* Anderson, *for appellant.*

*Tana G. Vanderbilt* of the *South Carolina Dept. of Social Services,* Columbia, *for respondent.*

*Sharon Marshall, Guardian Ad Litem,* Anderson, *for Savannah Joann Broome.*

Heard Jan. 21, 1991.

Decided Jan. 13, 1992.

FINNEY, Justice:

Appellant Cherry Diann Kampf Broome appeals a family court order terminating her parental rights to her daughter, Savannah Joann Broome, born December 16, 1985. We affirm.

Savannah was taken into protective custody by the South Carolina Department of Social Services (DSS) two days after birth upon recommendation of the Anderson County Mental Health Center because of "threat of harm" to the child. Savan-

nah has remained in foster care in the same home since December 30, 1985.

DSS commenced an action on December 18, 1985, seeking termination of the parental rights of appellant and Henry Allen Broome, Sr., (the father) to Savannah and two other minor siblings under The Child Protection Act. S.C. Code Ann. § 20-7-736, *et seq.*, (1976). Pursuant to a temporary custody hearing on December 31, 1985, custody was continued with DSS pending a further hearing.

After the removal of Savannah, the appellant was treated for chronic schizophrenia and hospitalized on several occasions. In 1986, DSS developed a treatment plan requiring that the appellant 1) attend weekly sessions of Parents Anonymous; 2) maintain a suitable residence; 3) visit with Savannah on a biweekly basis; 4) pay $50 per month child support;[1] and 5) follow through with mental health treatment, including taking medication on a regular basis, attending biweekly counseling at the Mental Health Center, and seeing Dr. Edwin Blanton each month to monitor her medication.

A hearing was held on February 25, 1988, at which the family court ratified an agreement between the parties providing for the appellant to comply with the treatment plan developed by DSS, dismissed the termination action without prejudice, and ordered periodic judicial review. Pursuant to Section 20-7-766, judicial review hearings were held on March 28, 1988; August 30, 1988; and September 7, 1989.

This action for termination of parental rights to Savannah was instituted on May 19, 1989. A guardian-ad-litem was appointed for Savannah, and a guardian-ad-litem/attorney was appointed for the appellant. Thereafter, appellant's attorney made numerous unsuccessful attempts to contact her to discuss the case. Appellant did not contact her attorney or respond to his attempts to communicate with her. On November 8, 1989, appellant's attorney filed a motion to be relieved as counsel. Counsel's motion to be relieved was heard prior to the start of the termination hearing on November 21, 1989, and denied by the court. Appellant's counsel then moved for a continuance on the ground that counsel had no opportunity to meet with the appellant and was not adequately prepared to

---

[1] The treatment plan provided for a joint payment of $50 per month child support by appellant and the father.

proceed. The family court declined to grant a continuance and the hearing proceeded.

As a result of the termination hearing, the trial judge, *inter alia*, terminated the parental rights of appellant and the father to Savannah and awarded custody to DSS.[2] With regard to appellant, the family court's order of December 1, 1989, sets forth the following findings as the basis for its ruling.

1. The appellant has willfully failed to support or make a material contribution to the care of Savannah.
2. Savannah has lived outside appellant's home for a period of at least six months after being removed pursuant to Section 20-7-736; and that despite a reasonable and meaningful effort by DSS to offer appropriate rehabilitative services to the appellant, she had failed to remedy the condition which caused Savannah's removal by:
   (a) Failing to visit Savannah as scheduled;
   (b) Attending only three sessions of Parents Anonymous;
   (c) Failing to maintain herself on medication and failing to follow through with Mental Health Center Appointments, resulting in five periods of hospital confinement since May 9, 1987.
3. The best interests of the child would be served by terminating appellant's parental rights.

On appeal, appellant asserts the trial court erred in failing to grant her motion for continuance. The appellant argues that good cause was established by a showing that she suffered from a mental disorder and that she failed to contact her attorney because she had no transportation or telephone.

The granting or denial of a continuance is within the sound discretion of the trial judge and is reviewable on appeal only when an abuse of discretion appears from the record.[3] *Bridwell v. Bridwell*, 279 S.C. 111, 302 S.E. (2d) 856 (1983). Moreover, the denial of a motion for a continuance

---

[2] The father does not appeal the termination of his parental rights.

[3] South Carolina Rule of Civil Procedure 40(c)(1) provides:

*Continuance for Cause.* As actions are called, counsel may request that the action be continued. If good and sufficient cause for continuance is shown, the continuance *may* be granted by the court . . . (Emphasis added.)

on the ground that counsel has not had time to prepare is rarely disturbed on appeal. *See State v. Babb*, 299 S.C. 451, 385 S.E. (2d) 827 (1989).

We note that one objective of the treatment plan was the stabilization of appellant's mental condition. We cannot condone appellant's failure to seek available treatment by allowing her to seek refuge in the existence of a condition which likely would have been remedied had she complied with the order of the court. We do not find an abuse of discretion in denying the motion for continuance.

Next, appellant alleges the trial court lacked clear and convincing evidence to support its finding that her failure to pay child support was willful. The appellant asserts that the Social Security Administration forwarded a portion of her Social Security benefits to DSS monthly for Savannah, and she believed these payments comprised her share of the child support.

Under Section 20-7-1572(4), the family court may order termination of parental rights upon a finding of the following:

> The child has lived outside the home of either parent for a period of six months, and during that time the parent has willfully failed to support the child. Failure to support means that the parent has failed to make a material contribution to the child's care when contribution has been requested by the custodian of the child. A material contribution consists of either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parent's means . . .

Whether a parent's failure to visit or support a child is "willful" within the meaning of the statute is a question of intent to be determined in each case from all the facts and circumstances. *Berry v. Ianuario*, 286 S.C. 522, 335 S.E. (2d) 250 (Ct. App. 1985). In making this determination, the trial judge is given wide discretion. *Bevis v. Bevis*, 254 S.C. 345, 175 S.E. (2d) 398 (1970). However, the element of willfulness must be established by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 102 S. Ct. 1388, 71 L. Ed. (2d) 599 (1982); *Richburg v. Dawson*, 278 S.C. 356, 296 S.E. (2d) 338 (1982).

Appellant and the father were ordered to pay child support jointly in the amount of $50 per month in court orders dated March 4, 1988, April 8, 1988, and September 2, 1988. They made three child support payments totaling $250 in 1988.

The record reflects that of 94 visits scheduled for appellant during four years of the period Savannah has been in foster care, appellant has visited 35 times. Appellant made no visitation between April 6, 1989, and September 18, 1989.

Conduct of the parent which evinces a settled purpose to forego parental duties may fairly be characterized as "willful" because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent. *Hamby v. Hamby*, 264 S.C. 614, 216 S.E. (2d) 536 (1975). We hold that there is sufficient evidence in this record to support the finding that appellant's failure to support Savannah was willful.

Finally, appellant asserts that the family court lacked clear and convincing evidence to support a finding that the appellant failed to remedy the conditions which caused removal of the child. We disagree.

One of the grounds provided by Section 20-7-1572(2) for termination of parental rights is a court finding that the child has been removed from the parent pursuant to § 20-7-736, has remained out of the home for a period of six months and despite a reasonable and meaningful effort on the part of DSS to offer appropriate rehabilitative services, the parent has failed to remedy the conditions necessitating removal.

It is undisputed that Savannah was removed pursuant to Section 20-7-736, due to appellant's mental condition, and has been out of the home for a period of six months. The family court found that DSS's efforts to provide appropriate rehabilitative services to the appellant were reasonable and meaningful, and that the appellant has failed to remedy the conditions which caused removal.

Testimony and evidence in the record indicates that appellant remains chronically schizophrenic, although the condition is controllable through prescriptive therapy. In this Court's view, appellant's apparent indifference to Savannah since the child's birth and appellant's periodic hospital confinements constitute clear and convincing evidence that appellant could not provide a suitable environment or minimally acceptable

care for Savannah. Therefore, the best interests of the child would be served by the termination of appellant's parental rights.

"It is significant to note the statute allows for termination of parental rights where the parent has not remedied the conditions which caused removal. This does not suggest that an attempt to remedy alone is adequate to preserve paternal rights. The attempt must have, in fact remedied the conditions." *Dept. of Social Services v. Pritchett,* 296 S.C. 517, 374 S.E. (2d) 500 (Ct. App. 1988), *cert. denied,* 298 S.C. 313, 380 S.E. (2d) 430 (1989).

The appellate court may review the record on appeal ■ on the issue of termination of parental rights and make its own finding as to whether such termination is supported by clear and convincing evidence. *S.C. Dept. of Social Services v. Martell,* 279 S.C. 289, 307 S.E. (2d) 601 (1985); *S.C. Dept. of Social Services v. O'Banner,* 291 S.C. 253, 353 S.E. (2d) 151 (Ct. App. 1987).

We hold that this record reflects clear and convincing evidence to support the termination of appellant's parental rights. Accordingly, the judgment of the family court is affirmed.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.