THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services,       
Respondent,
 
 
 

v.

 
 
 
Michael McFarland, Sr. and John Doe, and Child:  Sarah McFarland (05/05/1995) 
 Child:  Michael McFarland, Jr., (12/04/1996),       
Defendants,
of whom Michael McFarland, Sr. is       
Appellant.
 
 
 

Appeal From Cherokee County
Wesley L. Brown, Family Court Judge

Unpublished Opinion No. 2004-UP-316
Submitted March 19, 2004  Filed May 13, 2004 

AFFIRMED

 
 
 
Michael Dean Hamrick, of Gaffney, for Appellant.
Meredith Brooks Moss, of Gaffney, for Respondents.  
Usha Jefferies Bridges, of Gaffney, for Guardian Ad
Litem.
 
 
 

PER CURIAM:  Michael McFarland appeals a family courts order terminating 
 his parental rights. We affirm.
 FACTS
Michael (Appellant) and Christine McFarland are 
 the biological parents of Michael McFarland, Jr.  The other member of the family 
 is Sara McFarland. [1] While 
 the family was living in Cherokee County, the children, then age 3 and 4, were 
 found walking down a busy highway, unsupervised and improperly clothed. This 
 occurred in March of 2000. The children had wandered away from their home while 
 Mrs. McFarland was sleeping and Appellant was at work. When confronted by the 
 authorities, both Appellant and Mrs. McFarland admitted drug use. The family 
 court ordered the childrens removal from the home because of a lack of supervision 
 and because of the drug use. However, the family court granted supervised visitations 
 to Mrs. McFarland and Appellant at the discretion of the DSS. The family court 
 also adopted a treatment plan and ordered the McFarlands to pay child support 
 in the amount of $32.00 per week. 
On April 17, 2000, Appellant was arrested on burglary 
 charges. [2] He tested positive for marijuana and cocaine 
 on that day as well. While Appellant was in prison, the family court held a 
 first Permanency Hearing in May 2001, which meeting the McFarlands attended. 
 The family court decided to extend the plan of reunification by six months. 
 In December of the same year, another hearing was held, where Appellant formally 
 requested visitation with the children. The family court denied the request 
 and ordered a plan of termination of parental rights. 
By an order dated March 7, 2003, the family court 
 terminated Appellants parental rights regarding both children. 
 [3] It found that:

(a) the children have lived outside of the home 
 of the parent for a period of six (6) months and the parent has failed to visit 
 pursuant to S.C.Code Ann. § 20-7-1572(3); (b) the children have lived outside 
 of the home of the parent for a period of six (6) months and the parent has 
 willfully failed to support pursuant to S.C.Code Ann. § 20-7-1572(4); and (c) 
 the children have been in foster care under the responsibility of the State 
 for fifteen (15) of the last twenty-two (22) months pursuant to S.C.Code Ann. 
 § 20-7-1572(8).

The family court ruled that the lack of support 
 was willful, since Appellant was gainfully employed when the children were removed. 
 [4] The family court also noted that Appellant had committed three serious 
 felonies shortly after the children left, voluntarily pursu[ing] course of 
 lawlessness [leading to] his imprisonment and inability to pay child support. 
 The family court ruled that the termination was in the best interest of the 
 children. 
ISSUES

 
 Did the family court err in terminating Appellants parental rights
 for failure to support his children while he was 
 in prison?
 
 
 Did the family court err in terminating Appellants parental rights
 for failure to visit his children while he was 
 in prison?

LAW/ANALYSIS
The termination of parental rights is 
 governed by statute. Dept. of Soc. Servs. v. Wilson, 344 S.C. 322, 
 335, 543 S.E.2d 580, 582 (Ct. App. 2001) (citing S.C.Code Ann. § 20-7-1772 (Supp. 
 2000)). Under § 20-7-1572, one of three conditions must be met: the child must 
 have lived outside the home of the parent for at least six months; the court 
 must determine that the parent has willfully failed to support the child; or 
 the parent has willfully failed to visit the child. Id. An order terminating 
 parental rights must be supported by clear and convincing evidence. South 
 Carolina Dept of Soc. Servs. v. Broome, 307 S.C. 48, 413 S.E.2d 835 (1992). 
 An appellate court is free to make its own findings as to the existence of facts, 
 but is not required to ignore the findings from the trial court.  Dorchester 
 County Dept of Soc. Servs. v. Miller, 324 S.C. 445, 477 S.E.2d 476 (Ct. 
 App. 1996).  Where the trial courts findings are adequately supported, an appellate 
 court should give proper deference to those findings since the trial court was 
 able to personally observe the parties and weigh their credibility.  South 
 Carolina Dept of Soc. Servs. v. Cummings, 345 S.C. 288, 547 S.E.2d 506 
 (Ct. App. 2001). 
The family court terminated Appellants parental 
 rights on three statutory grounds and because it found that termination was 
 in the best interest of the children. On appeal, Appellant addresses only two 
 of those grounds. However, [a] family court may order the termination of parental 
 rights upon a finding of one or more of the following grounds and a finding 
 that termination is in the best interest of the child . . . . § 20-7-1572 (emphasis 
 added). Additionally, [an] appellate court may affirm any ruling, order, or 
 judgment upon any ground(s) in the Record on Appeal.  Rule 220 (c), SCACR. 
 Therefore, we affirm the family court using only statutory ground since we agree 
 that the termination of Appellants parental rights serves the best interest 
 of the children.
The facts before us clearly satisfy the requirement 
 under § 20-7-1572(8) that the children live outside the parents home for fifteen 
 of the twenty-two months preceding an order for termination. Here, the children 
 were removed from the home on April 9, 2000 and have lived in the continuous 
 care of DSS. The family court held the termination hearing in October 2002 and 
 did not issue the termination order until March 2003. Therefore, the children 
 had lived outside the home for at least thirty- six months, more than twice 
 the required time. 
As for the best interest of the children, the family 
 court found that Appellant had a history of domestic violence, drug use and 
 neglect, lack of compliance with the treatment plan. The record indicates that 
 the authorities had already removed the children from the McFarland home on 
 a prior occasion in 1998. Additionally, the family court noted that one of the 
 children suffered from an illness that required expensive medication that Appellant 
 would probably have difficulty providing. The family court also placed much 
 emphasis on the strong bond between the children, a bond that would be at risk 
 if the children were separated and placed in different homes. That scenario, 
 according to DSS, was more likely to happen without the termination of Appellants 
 parental rights. Given all of that evidence, plus Appellants long-term incarceration, 
 we agree with the family court that the termination of Appellants parental 
 rights serves the best interest of the children.
CONCLUSION
Based on the foregoing, the family courts ruling is 
AFFIRMED.
GOOLSBY, HOWARD, and BEATTY, JJ., concur. 

 
 
 [1] Mrs. McFarland is Saras biological mother, but Saras biological 
 father is unknown. Mrs. McFarland has waived her parental rights to both children. 
 

 
 
 [2] Appellant was convicted on burglary charges in June 2000, and sentenced 
 to twenty years in prison. He has been incarcerated since his arrest. 

 
 
 [3] By the same order, the court also terminated the rights of Mrs. McFarland 
 and of John Doe, the biological father of Sara McFarland.  

 
 
 [4] Appellant subsequently quit his job but offers no justification for 
 that decision.