THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of Social Services, Respondent,
 v.
 Felicia McDaniels and Bernard Holmes, and Child: Mecca Holmes/DOB: 09/08/93 Child: Jeremy Holmes/DOB: 
 09/28/94/ Of Whom Felicia McDaniels is Appellant.
 
 
 

Appeal From Beaufort County
Robert S. Armstrong, Family Court Judge

Unpublished Opinion No. 2006-UP-129
Submitted March 1, 2006  Filed March 8, 2006    

AFFIRMED

 
 
 
 H. Fred Kuhn, Jr., of Beaufort, for Appellant.
 Tracy OKelly Klatt, of Beaufort, for Respondent.
 Stacey Patterson Canaday, of Beaufort, for Guardian Ad Litem.
 
 
 

PER CURIAM: Felicia McDaniels appeals from the family courts termination of her parental rights to her two children.  We affirm.[1]  
FACTS
McDaniels and Bernard Holmes had two children together, Mecca Holmes, born September 8, 1993 and Jeremy Holmes, born September 28, 1994.  McDaniels and Holmes, who were never married, ended their romantic relationship shortly after Jeremys birth.  The children lived with McDaniels in her home in Los Angeles County, California until 1999 when they came to live with their father in South Carolina.  The children were removed from Holmes residence by the South Carolina Department of Social Services based on allegations of physical abuse by Holmes of both children and later allegations of sexual abuse of Mecca by Holmes.  
The County of Los Angeles Department of Children and Family Services conducted two home studies on McDaniels.  In the first study, the social worker recommended the children not be returned to McDaniels at that time.  In the second study, however, the social worker did recommend they be returned to her.  During the time that the children have been in foster care, McDaniels has not visited them or sent any child support.  
After a hearing at which neither parent appeared,[2] the family court ordered termination of the parental rights of McDaniels and Holmes to both children.  The court found as grounds to support termination that the children had been in foster care for fifteen of the past twenty-two months, that McDaniels had willfully failed to support the children or make a material contribution to their care, and that she had willfully failed to visit them.  In addition, the court held termination of parental rights was in the best interests of the children.  The court subsequently denied McDaniels motion to alter or amend the judgment.  This appeal followed.  
STANDARD OF REVIEW
 In a termination of parental rights (TPR) case, the best interests of the children are the paramount consideration.  Doe v. Baby Boy Roe, 353 S.C. 576, 579, 578 S.E.2d 733, 735 (Ct. App. 2003).  Before a parents rights may be terminated, the alleged grounds for termination must be proven by clear and convincing evidence.  Department of Soc. Servs. v. Mrs. H, 346 S.C. 329, 333, 550 S.E.2d 898, 901 (Ct. App. 2001).  On appeal, this court may review the record and make its own determination of whether the grounds for termination are supported by clear and convincing evidence.  Id.  However, our broad scope of review does not require us to disregard the findings of the family court or ignore the fact that the family court was in a better position to assess the credibility of the witnesses.  Dorchester County Dept of Soc. Servs. v. Miller, 324 S.C. 445, 452, 477 S.E.2d 476, 480 (Ct. App. 1996).  
DISCUSSION
Under South Carolinas TPR statute, [t]he family court may order the termination of parental rights upon a finding of one or more of the [listed] grounds and a finding that termination is in the best interest of the child.  S.C. Code Ann. § 20-7-1572 (Supp. 2005).  The family court found the following grounds to terminate McDaniels parental rights:  1) the children had been in foster care for fifteen out of the past twenty-two months, (2) McDaniels had willfully failed to support the children, and (3) she had willfully failed to visit them.  
Our statutory scheme provides a ground for termination of parental rights where the child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months.  S.C. Code Ann. § 20-7-1572(8) (Supp. 2005).  It is undisputed that the children had been in foster care since April 5, 2002.  The order terminating McDaniels parental rights was entered May 20, 2004.  Accordingly, we find clear and convincing evidence supports this ground for termination.  
Section 20-7-1572(4) provides as a ground for termination:

 The child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child.  Failure to support means that the parent has failed to make a material contribution to the childs care.  A material contribution consists of either financial contributions according to the parents means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parents means.  The court may consider all relevant circumstances in determining whether or not the parent has wilfully failed to support the child, including requests for support by the custodian and the ability of the parent to provide support.

Whether a parents failure to support a child is willful is a question of intent to be determined from all the facts and circumstances in each case.  South Carolina Dept of Soc. Servs. v. Broome, 307 S.C. 48, 52, 413 S.E.2d 835, 838 (1992).  The trial judge is given wide discretion in making this determination.  Id.  However, the element of willfulness must be established by clear and convincing evidence.  Id.  Parental conduct which evinces a settled purpose to forego parental duties may fairly be characterized as willful because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent.  South Carolina Dept of Soc. Servs. v. Smith, 343 S.C. 129, 137, 538 S.E.2d 285, 289 (Ct. App. 2000) (quoting Broome, 307 S.C. at 53, 413 S.E.2d at 839).
McDaniels is unemployed and has two other children.  However, she receives $704 in cash aid a month and $195 for food stamps.  She also has Section 8 housing.  Her monthly expenses amount to $528.  Although her income exceeds her expenses, she failed to pay any support for the children and has only sent them coloring books since they were placed in foster care.  We find clear and convincing evidence to support the family courts finding that McDaniels willfully failed to support the children.    
Having found at least one ground on which the family court properly terminated McDaniels parental rights, we need only determine that termination of McDaniels rights is in the best interest of the children.[3]  The interests of the child shall prevail if the childs interests and the parental rights conflict.  South Carolina Dept of Soc. Servs. v. Parker, 336 S.C. 248, 259, 519 S.E.2d 351, 356 (Ct. App. 1999).
Although the social worker that performed the second home study for the Los Angeles Department of Children and Family Services recommended the children be returned to McDaniels, the guardian ad litem took exception to this conclusion and recommended termination of McDaniels parental rights.  The guardian noted that the children had expressed a desire to go back to their mother.  However, their reason for stating this was always, Because she beats me less than Dad does.  The guardian testified that McDaniels had called her very regularly in the beginning, but when the guardian refused to put up with her abusive language, McDaniel ceased communicating with her.  The Los Angeles social worker noted that McDaniels appears to have a great deal of anger and has at times dealt with this anger in the form of inappropriate letters, phone calls and threats.  The social worker had concerns about this anger problem but found it did not appear to manifest itself as a risk towards her two young children who live with her.  McDaniels has been prescribed Prozac, but she admits she does not take it every day as prescribed.  There is no evidence in the record that McDaniels has seen the children since she sent them to live with their father in 1999.
When the children were originally placed in foster care, they were very frightened and withdrawn.  At the time of the hearing, they were doing well in their foster home and were back on the honor roll in school.  The foster parents have expressed an interest in adopting them.  
We find clear and convincing evidence that termination of McDaniels parental rights is in the best interest of the children.
AFFIRMED.
GOOLSBY, HUFF, and STILWELL, JJ., concur. 

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]McDaniels appointed counsel filed a motion requesting the court order DSS to pay for transportation costs for McDaniels so that she could attend the final hearing.  The court denied the request noting counsel failed to provide the court with authority allowing it to order such costs.  
[3] As we find clear and convincing evidence to support other grounds, we do not address the ground of willful failure to visit.