THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of Social Services, Respondent,
 v.
 Quandra J., Margaret J., Thomas Thorne, William A., Defendants, of whom Thomas Thorne is Appellant.
 
 
 

 
 
 
 In the interests of: T.J., a minor under the age of 18 (08/10/02)
 
 
 

Appeal From York County
 Stephen S. Bartlett, Family Court Judge

Unpublished Opinion No. 2007-UP-209
Submitted May 1, 2007  Filed May 11, 2007    

AFFIRMED

 
 
 
 Kenneth Ray Raynor, of Charlotte, for Appellant.
 David E. Simpson, of York, for Respondent.
 Marty D. Propst, of Fort Mill, for Guardian Ad Litem.
 
 
 

PER CURIAM: Thomas Thorne appeals the family courts order terminating his parental rights from T.J. (Child).  Thorne argues the family court erred in finding (1) Thorne willfully failed to visit Child, (2) Thorne willfully failed to support Child, (3) Thorne abandoned Child, (4) Child was in foster care for fifteen of the most recent twenty-two months, and (5) termination of parental rights (TPR) was in the best interest of Child.  We affirm.[1]  
In a TPR case, the best interest of the child is the paramount consideration.  Doe v. Baby Boy Roe, 353 S.C. 576, 579, 578 S.E.2d 733, 735 (Ct. App. 2003).  Before the family court grants TPR, the alleged grounds for the termination must be proven by clear and convincing evidence.  S.C. Dept of Soc. Servs. v. Parker, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  On appeal, this court may review the record and make its own determination whether the grounds for termination are supported by clear and convincing evidence.  S.C. Dept of Soc. Servs. v. Cummings, 345 S.C. 288, 293, 547 S.E.2d 506, 509 (Ct. App. 2001).  Despite this broad scope of review, however, we should not necessarily disregard the findings of the family court, because the family court is in a better position to evaluate the credibility of the witnesses and assign weight to their testimony.  Dorchester County Dept of Soc. Servs. v. Miller, 324 S.C. 445, 452, 477 S.E.2d 476, 480 (Ct. App. 1996).  
The family court may order TPR if [t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has willfully failed to support the child.  S.C. Code Ann. § 20-7-1572 (Supp. 2006).  Willful conduct is conduct that evinces a settled purpose to forego parental duties . . . because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent.  S.C. Dept of Soc. Servs. v. Broome, 307 S.C. 48, 53, 413 S.E.2d 835, 838 (1992).  From January 2003, when the South Carolina Department of Social Services (DSS) took Child into emergency custody, until September 2003, when Thorne was incarcerated, Thorne did not support Child.  Thornes only defense is that he was not required to support Child because there was not a child support order in place requiring him to do so.  As the father of Child, Thorne was obligated to support Child regardless of the existence or nonexistence of a court order mandating he support Child.  Stinecipher v. Ballington, 366 S.C. 92, 620 S.E.2d 93 (Ct. App. 2005) (holding father was not relieved of his duty to support his child merely because childs custodial parents never requested support).  The family court did not err in finding Thorne willfully failed to support Child for six months. 
The family court also did not err in finding TPR was in the best interest of Child.  Both a DSS caseworker and Childs Guardian ad Litem testified that Child was doing well with Childs foster family.  Child has been with this foster family for over four years, and they wish to adopt Child.  Conversely, Child has had almost no interaction with Thorne, both before and after Thornes imprisonment.  The family court correctly found TPR was in the best interest of Child.  
Accordingly, the family court did not err in finding Thorne willfully failed to support Child for six months and that TPR was in the best interest of Child.[2]  The family courts order is 
AFFIRMED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Because we find the family court did not err in finding Thorne willfully failed to support Child for six months, we decline to address Thornes remaining assignments of error.  See S.C. Code Ann. § 20-7-1572 (proscribing that the family court may grant TPR upon a finding of one or more of the statutory grounds outlined in section 20-7-1572, and a finding that TPR is in the best interest of the child); Charleston County Dept of Soc. Servs. v. King, 369 S.C. 96, 101, 631 S.E.2d 239, 241 (2006) (Because one statutory ground for TPR has been met, the only issue remaining for us to consider is whether termination is in the best interest of the child.).