THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Charleston
 County Department of Social Services, Respondent,
 
 
 
 
 

v.

 
 
 
 Crystal B.,
 Donnell A., Draper L., and John Doe, Defendants,
 
 Of whom Crystal
 B. is the Appellant.
 
 
 In the interest of two minor children. 
 
 
 

Appeal From Charleston County
Judy L. McMahon, Family Court Judge

Unpublished Opinion No. 2010-UP-422
 Heard September 14, 2010  Filed September
28, 2010

AFFIRMED

 
 
 
 Stephen L. Brown, Russell G. Hines, and Christine
 K. Toporek, all of Charleston, for Appellant.
 Bonnie T. Brisbane, of North Charleston,
 for Respondent.
 Bryan Gilbert Grevey, of Mount Pleasant,
 and Joseph Richardson, of Charleston, for Guardian ad Litem.
 
 
 

PER CURIAM: Crystal
 B. (Mother) appeals from the family court's order terminating her parental
 rights to her minor children (Children).  Mother argues the family court erred in terminating her parental rights because she willfully
 failed to support Children and Children were in foster care for fifteen of the
 most recent twenty-two months.  Mother also appeals the family court's finding termination of parental rights
 (TPR) was in Children's best interests.  We disagree.  
1.  We affirm the
 family court's finding Children resided in foster care, under the
 responsibility of the state, for fifteen of the most recent twenty-two months.  See S.C. Code Ann. § 63-7-2570 (2010)
 (stating the family court may order TPR upon finding one or more of eleven
 statutory grounds is satisfied and also finding TPR is in the best interest of
 the child); S.C. Code Ann. § 63-7-2570(8) (2010) (explaining one statutory
 ground for TPR is met when "[t]he child has been in foster care under the
 responsibility of the State for fifteen of the most recent twenty-two months"); Charleston County Dep't of Soc. Servs. v. Jackson, 368 S.C. 87, 101-02,
 627 S.E.2d 765, 773 (Ct. App. 2006) (noting the purpose of this statutory
 ground "is to ensure that children do not languish in foster care when
 termination of parental rights would be in their best interests"); Id. at 101, 627 S.E.2d at 773 (noting a finding pursuant to section
 63-7-2570(8) alone is sufficient to support a termination of parental rights). 
 
 2. We affirm the family
 court's finding Mother willfully failed to support Children.  See S.C.
 Code Ann. § 63-7-2570(4) (2010) (explaining another statutory ground is met
 when a child has lived outside the home for a period of six months and during
 that time the parent willfully failed to support the child); Id. ("Failure
 to support means that the parent has failed to make a material contribution to
 the child's care.  A material contribution consists of either financial
 contributions according to the parent's means or contributions of food,
 clothing, shelter, or other necessities for the care of the child according to
 the parent's means. The court may consider all relevant circumstances in
 determining whether or not the parent has wil[l]fully failed to support the
 child, including requests for support by the custodian and the ability of the
 parent to provide support."); S.C. Dep't of Soc. Servs. v. Broome,
 307 S.C. 48, 53, 413 S.E.2d 835, 839 (1992) ("Conduct of the parent
 which evinces a settled purpose to forego parental duties may fairly be
 characterized as 'willful' because it manifests a conscious indifference to the
rights of the child to receive support and consortium from the parent.").
3. Despite Mother's
 arguments to the contrary, we find the Department of Social Services (DSS)
 proved by clear and convincing evidence that termination of Mother's parental
 rights was in the best interests of Children.  See S.C.
 Code Ann. § 63-7-2620 (2010) (explaining when the child's interests and the
 parental rights conflict, the child's interests shall prevail); Charleston
 County Dep't of Soc. Servs. v. King, 369 S.C. 96, 105, 631 S.E.2d 239, 244
 (2006) ("When reviewing the family court decision, appellate courts may
 make their own conclusions of whether DSS proved by clear and convincing
 evidence that parental rights should be terminated."); Jackson, 368
 S.C. at 95, 627 S.E.2d at 770 (stating despite the appellate court's broad
 scope of review, it should not necessarily disregard the findings of the family
 court, which was in a better position to evaluate the credibility of the
 witnesses and assign weight to their testimony); Id. at 102, 627 S.E.2d at
 774 (declaring the best interests of the children are the paramount
 consideration in a TPR case).
AFFIRMED.
FEW, C.J., and
 WILLIAMS and KONDUROS, JJ., concur.