THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Chappell F. and Huss F., Respondents,
 v.
 John B., Appellant.
 In the interest of one minor child under the age of 18.
 
 
 

Appeal From Richland County
Angela R. Taylor, Family Court Judge

Unpublished Opinion No.   2011-UP-046
 Submitted December 1, 2010  Filed
February 2, 2011

AFFIRMED

 
 
 
 Naki Richardson-Bax, of Columbia, for Appellant.
 Janet T. Butcher, of Camden, for Respondent.
 Almand J. Baron, of Columbia, Guardian Ad Litem. 
 
 
 

PER CURIAM: 
 John B. (Father) appeals the family
 court's final order terminating his parental rights to his minor child (Child).  Father contends the family court erred in finding (1) he failed to
 visit Child; (2) he failed to support Child; and (3) termination of parental
 rights (TPR) was in Child's best interests.  We affirm.[1]
The
 grounds for TPR must be proven by clear and convincing evidence.  S.C. Dep't
 of Soc. Servs. v. Parker, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  "Upon review, the appellate court may make its own finding from the
 record as to whether clear and convincing evidence supports the termination [of
 parental rights]."  S.C. Dep't of Soc. Servs. v. Headden, 354 S.C.
 602, 609, 582 S.E.2d 419, 423 (2003).  However, despite our broad scope of
 review, we are not required to disregard the findings of "the family
 court, who saw and heard the witnesses, [and] was in a better position to
 evaluate their credibility and assign comparative weight to their
 testimony."  Id.  The family
 court may order TPR upon finding one or more of eleven statutory grounds is
 satisfied and also finding TPR is in the best interest of the child.  S.C. Code
 Ann. § 63-7-2570 (2010).  
We
 find clear and convincing evidence supports the family court's findings that
 Father willfully failed to visit Child.[2]  See § 63-7-2570(3).  Here, Father visited Child on only two occasions
 after he moved out of state shortly after the divorce.  S.C. Dep't of Soc.
 Servs. v. Broome, 307 S.C. 48, 53, 413 S.E.2d 835, 839 (1992) ("Conduct
 of the parent which evinces a settled purpose to forego parental duties may
 fairly be characterized as 'willful' because it manifests a conscious
 indifference to the rights of the child to receive support and consortium from
 the parent.").  Accordingly, the family court properly found sufficient
 statutory grounds to terminate Father's parental rights.       
In a
 TPR case, the best interests of the child are the paramount consideration.  S.C.
 Dep't of Soc. Servs. v. Smith, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct.
 App. 2000).  "The interests of the child shall
 prevail if the child's interest and the parental rights conflict."  S.C.
 Code Ann. § 63-7-2620 (2010).  
We find clear and convincing evidence in the record
 supports the family court's finding that termination of Father's parental
 rights was in Child's best interests.  Although Father expressed good
 intentions during the TPR hearing, he has made little affirmative effort to support
 Child and only visited Child twice after moving out of state.  In contrast, Huss
 F. (Grandfather) is providing a stable and loving environment for Child, and
 the guardian ad litem stated Child was well-adjusted and bonded with
 Grandfather.  Additionally, Grandfather expressed a strong interest in adopting
 Child, and terminating Father's parental rights would allow the adoption
 process to proceed.  See Doe v. Roe, 386 S.C. 624, 634, 690
 S.E.2d 573, 579 (2010) ("Overturning the family court's decision to
 terminate [parent's] rights clearly conflicts with the TPR statute's purpose to
 make a child eligible for adoption by someone 'who will provide a suitable home
 environment and the love and care necessary for a happy, healthful, and
 productive life.'" (quoting § 63-7-2510 (2010))).  Accordingly, the family
 court correctly determined TPR was in Child's best interests.        
AFFIRMED.
FEW, C.J., HUFF and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2]  Because we find Father willfully failed to visit
 Child, we need not address the remaining statutory ground for TPR.  See Stinecipher
 v. Ballington, 366 S.C. 92, 100 n.6, 620 S.E.2d 93, 98 n.6 (Ct. App. 2005)
 (stating once one statutory ground is met, this court need not address whether
 any other ground for TPR has been proved).