**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

Valerie Murphy, Cecil Smith, and John Doe,

Of whom Valerie Murphy is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2013-001434

Appeal from Richland County
Dana A. Morris, Family Court Judge

Unpublished Opinion No. 2014-UP-330
Heard August 20, 2014 – Filed September 4, 2014

**REVERSED AND REMANDED**

Allison Boyd Bullard, of Harling & West, LLC, of Lexington, for Appellant.

Claude Robin Chandler, of South Carolina Department of Social Services, of Columbia, for Respondent.

Casey Michal Brown, of Richland County CASA, of Columbia, for the Guardian ad Litem.

---

**PER CURIAM:** In this appeal from a termination of parental rights (TPR) order, we find the Department of Social Services (DSS) failed to prove terminating Valerie Murphy's (Mother's) parental rights was in the child's best interest. We reverse and remand.

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011). The family court may order TPR upon finding one or more of the statutory grounds is satisfied and TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2013). The grounds for TPR must be proven by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We find clear and convincing evidence shows Mother failed to remedy the conditions causing removal. A statutory ground for TPR is met when the child has been out of the home for six months or more following the adoption of a placement plan and the parent has not remedied the conditions that caused the removal. S.C. Code Ann. § 63-7-2570(2) (2010). "First, DSS must identify the condition that led to the removal of the child. Second, DSS must identify appropriate rehabilitative services, and third, DSS must make a meaningful offer of those services. DSS is not, however, responsible for insuring successful outcomes." *McCutcheon v. Charleston Cnty. Dep't of Soc. Servs.*, 302 S.C. 338, 343, 396 S.E.2d 115, 118 (Ct. App. 1990). "It is significant to note the statute allows for [TPR] where the parent has not remedied the conditions which caused removal. This does not suggest that an attempt to remedy alone is adequate to preserve paternal rights. The attempt must have, in fact remedied the conditions." *S.C. Dep't of Soc. Servs. v. Broome*, 307 S.C. 48, 54, 413 S.E.2d 835, 839 (1992). "[I]t is imperative that the condition which led to [the child's] removal be thoroughly explored." *McCutcheon*, 302 S.C. at 342, 396 S.E.2d at 117. We find Mother's failure to timely obtain drug treatment constituted clear and convincing evidence to prove this ground. DSS caseworker Michelle McKenzie testified Mother never completed any portion of her treatment

plan or submitted proof she completed substance abuse treatment. DSS was relieved of providing services to Mother on July 10, 2008. Although Mother submitted evidence showing she obtained drug treatment while incarcerated, she did not begin the treatment until her incarceration began in August 2010, more than three years after the family court ordered her to obtain drug treatment and nearly three years after the child was removed. The record is devoid of evidence showing Mother obtained drug treatment prior to that time. Based on the long passage of time before Mother obtained drug treatment, we find clear and convincing evidence supports this ground.

We also find clear and convincing evidence shows the child was in foster care for fifteen of the most recent twenty-two months. A statutory ground for TPR is met when the child has been in foster care for fifteen of the most recent twenty-two months. S.C. Code Ann. § 63-7-2570(8) (2010). "A finding pursuant to [this ground] alone is sufficient to support [TPR]." *S.C. Dep't of Soc. Servs. v. Sims*, 359 S.C. 601, 608, 598 S.E.2d 303, 307 (Ct. App. 2004). "Where there is substantial evidence that much of the delay . . . is attributable to the acts of others, a parent's rights should not be terminated based solely on the fact that the child has spent greater than fifteen months in foster care." *Charleston Cnty. Dep't of Soc. Servs. v. Marccuci*, 396 S.C. 218, 227, 721 S.E.2d 768, 773 (2011) (alteration in *Marccuci*) (internal quotation marks omitted). "The family court must find that severance is in the best interests of the child, and that the delay in reunification of the family unit is attributable not to mistakes by the government, but to the parent's inability to provide an environment where the child will be nourished and protected." *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013). Here, the child entered foster care on November 29, 2007, and remained in foster care nearly five years before the TPR hearing was held on July 16, 2012. Unlike *Marcucci*, the evidence does not suggest DSS caused the delay in reunification. In fact, it appears DSS and the family court timely complied with the statutory timeframes. The family court held a merits hearing on December 13, 2007, less than thirty-five days after the child was removed. *See* S.C. Code Ann. § 63-7-710(E) (2010) (requiring the family court to hold a merits hearing within thirty-five days of the date it receives the removal petition). The family court held the first permanency planning hearing on July 10, 2008, less than one year after the child entered foster care. *See* S.C. Code Ann. § 63-7-1700(A) (Supp. 2013) (requiring the family court to hold a permanency planning hearing "no later than one year after the date the child was first placed in foster care"). At the first permanency planning hearing, the family court found Mother failed to complete the treatment plan. The family court held the second permanency planning hearing

on April 2, 2009, and found Mother failed to complete the treatment plan. The family court held a third permanency planning hearing on February 4, 2010, and found Mother had not completed the treatment plan. Mother filed a motion to stay the TPR proceedings on September 28, 2010, due to her incarceration. Thus, the evidence shows the delay in reunification was caused by Mother's failure to complete her treatment plans and her incarceration rather than "roadblocks erected by the State." *See Sarah W.*, 402 S.C. at 337, 741 S.E.2d at 746 ("It is neither reasonable nor compassionate to permanently sever parental rights based on significant delays and roadblocks erected by the State."). Accordingly, clear and convincing evidence supports this ground.[1]

However, we find the evidence does not clearly and convincingly show TPR is in the child's best interest. "The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ." S.C. Code Ann. § 63-7-2510 (2010). In a TPR case, the best interest of the child is the paramount consideration. *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interest[] of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010). "Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate." *Sarah W.*, 402 S.C. at 343, 741 S.E.2d at 749-50. Here, the uncontradicted evidence shows the child, who is currently fifteen years old, loves Mother and Mother regularly visited the child prior to her incarceration. Mother wrote letters to the child during Mother's incarceration, and the child was excited to receive the letters. The DSS caseworker admitted DSS did not have evidence showing Mother acted inappropriately toward the child during visitation, and DSS never received allegations that Mother was abusive in any way. Thus, we find the child has a meaningful bond with Mother. Although the removal was caused by Mother's prior drug abuse, DSS failed to offer any evidence showing she currently has a drug addiction, and it failed to

---

[1] Because we find clear and convincing evidence establishes two statutory grounds for TPR, we decline to address whether clear and convincing evidence showed Mother had a diagnosable condition unlikely to change. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (stating an appellate court does not need to address a TPR ground if it finds clear and convincing evidence supports another TPR ground).

contradict Mother's evidence that she completed substance abuse treatment while incarcerated.  Finally, although the guardian ad litem recommended TPR, the record is devoid of evidence showing when the guardian ad litem visited the child and the basis of the guardian ad litem's recommendation.  Based on the foregoing, we find the evidence does not show TPR is in the child's best interest.

Accordingly, we reverse and remand for a permanency planning hearing pursuant to section 63-7-1700 of the South Carolina Code (Supp. 2013).  A permanency planning hearing will allow the parties and the guardian ad litem an opportunity to update the family court on what has occurred since the TPR hearing.  We make no finding about whether reunification with Mother is in the child's best interest.  We urge the family court to conduct a hearing expeditiously, including presentation of a new guardian ad litem report and an updated home evaluation of Mother's residence.

**REVERSED AND REMANDED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**