**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lori Partin, Respondent,

v.

Jason Andrew Harbin, Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2015-001389

―――――――――

Appeal From Oconee County
Henry T. Woods, Family Court Judge

―――――――――

Unpublished Opinion No. 2016-UP-271
Submitted May 12, 2016 – Filed June 3, 2016

―――――――――

**AFFIRMED**

―――――――――

John D. Elliott, of Law Offices of John D. Elliott P.A., of Columbia, for Appellant.

Julian L. Stoudemire, of Julian Stoudemire, P.A., of Seneca, for Respondent.

Floy Kenyon Anderson, of Kenyon Lusk & Anderson, of Anderson, Guardian ad Litem.

―――――――――

**PER CURIAM:**  This appeal arises from a private action for termination of parental rights (TPR).  Jason Andrew Harbin (Father) appeals the family court's order terminating his parental rights to his two sons (Children).  Father argues the family court erred in finding (1) he willfully failed to visit Children, (2) he willfully failed to support Children, and (3) TPR was in Children's best interest.  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011).  The burden is on the appellant to convince this court that the family court erred in its findings.  *Id.* at 385, 709 S.E.2d at 652.  The family court may order TPR upon finding at least one of twelve statutory grounds has been satisfied and TPR is in the best interest of the child.  S.C. Code Ann. § 63-7-2570 (Supp. 2015).  The grounds for TPR must be proved by clear and convincing evidence.  *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We find clear and convincing evidence supports TPR based on Father's willful failure to visit Children.  A statutory ground for TPR is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to visit the child."  S.C. Code Ann. § 63-7-2570(3) (Supp. 2015).  "[I]t must be shown that the parent was not prevented from visiting by the party having custody or by court order."  *Id.*  When determining whether a parent has willfully failed to visit, the family court is not required to limit its consideration to the months immediately preceding the TPR hearing.  *S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 611, 582 S.E.2d 419, 424 (2003).  "Conduct of the parent [that] evinces a settled purpose to forego parental duties may fairly be characterized as 'willful' because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent."  *S.C. Dep't of Soc. Servs. v. Broome*, 307 S.C. 48, 53, 413 S.E.2d 835, 839 (1992).  "[A] finding of a willful failure to visit will not be predicated upon parental conduct that can be reasonably explained."  *Hardy v. Gunter*, 353 S.C. 128, 134, 577 S.E.2d 231, 234 (Ct. App. 2003).

Despite being granted visitation with Children in April 2012, Father only exercised the right until July 2012 and then failed to visit Children for over a year—from July 2012 until his visitation was suspended in November 2013.  Although Father

contends he stopped visiting Children when Lori Partin (Mother) did not bring Children to two visitation exchanges after an incident between Father and his wife, we find this is not a valid reason for failing to visit Children for such an extended length of time. Furthermore, Mother denied preventing Father from visiting Children or failing to bring Children to visits with Father, stating she had police reports to prove she showed up at visitation many times when Father failed to attend. Mother's testimony was corroborated by the guardian ad litem (GAL), who confirmed that during the final hearing in Father's custody action in April 2014, Mother introduced police reports to show she brought Children to the scheduled visitation and Father failed to attend. Accordingly, we find this statutory ground for TPR was satisfied.

We also find clear and convincing evidence supports TPR based on Father's willful failure to support Children. A statutory ground for TPR is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child." S.C. Code Ann. § 63-7-2570(4) (Supp. 2015). Failure to support means the parent has failed to make a material contribution to the child's care consisting of "either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parent's means." *Id.* "The court may consider all relevant circumstances in determining whether or not the parent has wilfully failed to support the child, including requests for support by the custodian and the ability of the parent to provide support." *Id.* A parent need not be notified of his duty to support the child before failure to discharge the duty may serve as a ground for TPR. *Parker*, 336 S.C. at 258, 519 S.E.2d at 356.

As a result of Father not paying any child support for over two years, he was over $20,000 in arrears at the time of the TPR hearing. We acknowledge Father testified he thought his child support obligation was suspended in April 2012 after he was injured in a car accident and unable to work. However, despite returning to work in June 2012, Father did not resume making child support payments until ordered to do so in May 2014. Additionally, the GAL testified that from the time Father returned to work until his child support obligation was reinstated by the May 2014 Order, Father never made any other material contributions to Children's care. *See Parker*, 336 S.C. at 258, 519 S.E.2d at 356 (stating a parent need not be notified of his duty to support the child before failure to discharge the duty may serve as a ground for TPR). Even after Father was ordered to immediately resume making weekly child support payments at the beginning of May 2014, he only made three payments between May 7, 2014, and October 31, 2014. We find Father

willfully failed to support Children by not making any material contributions to their care for over two years; thus, we affirm on this ground.

Finally, we find TPR was in Children's best interest. In a TPR case, the best interest of the child is the paramount consideration. *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interest[] of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010). "[P]arental rights do not spring full-blown from the biological connection between parent and child. They require relationships more enduring." *Parker*, 336 S.C. at 259, 519 S.E.2d at 356 (quoting *Caban v. Mohammed*, 441 U.S. 380, 397 (1979)). A parent's "behavior as it relates to the statutory grounds for termination is appropriately reviewed for purposes of the best interest analysis because such conduct 'evinces a settled purpose to forego parental duties.'" *Doe v. Roe*, 386 S.C. 624, 632-33, 690 S.E.2d 573, 578 (2010) (quoting *Headden*, 354 S.C. at 610, 582 S.E.2d at 423).

Mother and the GAL both testified TPR was in Children's best interest. Mother stated Children deserved a consistent relationship, which Father was not providing. Specifically, she testified, "[Father] hasn't been there for [Children] or tried to provide in any way . . . ." The GAL testified similarly, focusing on Father's arrest after "major issues in his current marriage erupted." According to the GAL, there "was all this chaos going on in [Father's] life during this time and then he stopped visiting." The GAL testified she did not believe it was fair to Children to have a father who was "in and out of their lives depending on what's going on in his life." We believe the family court correctly determined TPR was in Children's best interest based on Mother's and the GAL's testimony regarding Father's failure to provide Children with an enduring and consistent paternal relationship. *See Parker*, 336 S.C. at 259, 519 S.E.2d at 356 ("[P]arental rights do not spring full-blown from the biological connection between parent and child. They require relationships more enduring." (quoting *Caban*, 441 U.S. at 397). Accordingly, we find TPR was in Children's best interest.

**AFFIRMED.**[1]

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.