**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Assistive Technology Medical Equipment Services, LLC,
Respondent,

v.

Hood & Selander, CPAS, LLC; Donna C. Cash, as
Personal Representative of the Estate of Dorothy A.
Connelly; W.E. Applegate, III, as Personal
Representative of the Estate of James B. Connelly,
Kimberly Cuce; Phillip DeClemente, Defendants,

Of whom Phillip DeClemente is the Appellant.

Appellate Case No. 2018-000460

———————

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge,
Deadra L. Jefferson, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-225
Submitted March 2, 2020 – Filed July 29, 2020
Withdrawn, Substituted, and Refiled December 23, 2020

———————

**AFFIRMED**

———————

Cameron Lee Marshall, of Charleston, for Appellant.

James Emerson Smith, Jr., of James E. Smith Jr., PA, of Columbia, for Respondent.

---

**PER CURIAM:**  Assistive Technology Medical Equipment Solutions (ATMES/Respondent) sued Phillip DeClemente (Appellant) under various causes of action.  This appeal arises from an entry of default judgment against Appellant.

The lower court issued an order entering default against Appellant on April 30, 2014.  The court found Appellant was properly served with the complaint on December 1, 2011, and noted that Appellant had demonstrated good cause for relief under Rule 55(c) of the South Carolina Rules of Civil Procedure until May 2012 because of a hospitalization.  However, the court found there was no good cause for the failure to respond from the time Appellant obtained counsel in May 2012 to the first filing in August 2012.  After the hearing on Respondent's motion to set damages, the lower court issued an order on December 21, 2017, finding damages against Appellant for $875,144.

Appellant argues the lower court abused its discretion in finding Appellant did not establish good cause to set aside the entry of default and in finding no sufficient grounds for relief from the default judgment.  We disagree.

> The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial judge.  The trial court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion.  An abuse of discretion occurs when the judge issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support.

*Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 606-07, 681 S.E.2d 885, 888 (2009)(internal citations omitted).

The standard for granting relief from an entry of default under Rule 55(c) is mere "good cause."  Rule 55(c), SCRCP.  "This standard requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice."  *Sundown*, 383 S.C. at 607, 681 S.E.2d at 888.  "The trial court need not

make specific findings of fact for each factor if there is sufficient evidentiary support on the record for the finding of the lack of good cause." *Id.* at 608, 681 S.E.2d at 888.

Here, the lower court did not abuse its discretion in finding Appellant had not demonstrated good cause for avoiding default after May 2012. The court found Appellant had the benefit of prior counsel, and the motion for relief from default was not timely. Appellant did not put forth a satisfactory explanation for the default. This finding is well supported by the record, and is not controlled by an error of law.

Further, we disagree with Appellant's contention that the lower court should have considered the "full and final release" executed by the parties when determining damages. Relief under Rule 60(b), SCRCP, requires a showing of mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation or "other misconduct of an adverse party." *Sundown*, 383 S.C. at 608, 681 S.E.2d at 888 (citing Rule 60(b), SCRCP). Appellant failed to show any of the necessary elements under Rule 60(b). "The standard for granting relief from a default judgment under Rule 60(b) is more rigorous than the 'good cause' standard established in Rule 55(c)." *Id.* The record supports the amount of damages determined by the court.

Appellant contends the lower court erred by denying his motion for a continuance and by allowing Respondent's expert witness, Art Bradham, to testify. We disagree. "The granting or denial of a continuance is within the sound discretion of the trial judge and is reviewable on appeal only when an abuse of discretion appears from the record." *S.C. Dep't of Soc. Servs. v. Broome*, 307 S.C. 48, 51, 413 S.E.2d 835, 838 (1992). "Qualification of an expert and the admission or exclusion of his testimony is a matter within the sound discretion of the trial court." *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 25, 609 S.E.2d 506, 509 (2005). "An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion that is without evidentiary support." *Id.* at 26, 609 S.E.2d at 509.

Accordingly, the orders of the lower court are

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**HUFF, THOMAS, and MCDONALD, JJ., concur.**