23092

The STATE, Respondent v. Charles E. BABB, Appellant.

(385 S. E. (2d) 827)

Supreme Court

*Asst. Appellate Defender Wanda Hagler Haile,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Oct. 2, 1989.

Decided Oct 23, 1989.

HARWELL, Justice:

Appellant was convicted of two counts of check forgery. The issues discussed on appeal are whether the trial judge erred in (1) denying the appellant's motion for a continuance and (2) denying the appellant's motion for the suppression of the testimony of the State's handwriting expert.

## FACTS

Appellant, Charles Babb (Babb), was arrested for two counts of forgery on November 25, 1987. At the bond hearing Babb was represented by both a public defender and a private attorney. The magistrate told Babb that he had a right to counsel, that he needed an attorney, and that he should hire one. Babb was released on bond and subsequently informed his arresting officer that he was going to appear *pro se* in this matter.

In January of 1988, Assistant Solicitor McPherson (McPherson) telephoned Babb to find out if he had obtained counsel. Babb replied that he had not because he thought the charges against him were going to be dropped. McPherson told Babb that he was incorrect and that he needed to appear in court on February 22, 1988 with an attorney. The solicitor's office sent Babb a letter confirming this conversation. In the letter, Babb was again told to appear in court on February 22, 1988 and advised to hire an attorney.

Babb appeared in court, but was not represented by counsel. When questioned by the trial judge regarding his failure to obtain counsel, Babb stated that he did not think he needed an attorney because he was not guilty. The trial judge "scolded" Babb for his failure to obtain legal representation and in the presence of Pat McWhirter (McWhirter), a county public defender, appointed the public defender's office to represent Babb. At that time, McPherson told the trial judge that she was putting the public defender's office on notice that Babb's case would be called the following week. McPherson stated that her file on Babb's case was immediately available to the public defender's office.

Babb's case was assigned to Public Defender Kolb (Kolb) between February 23, 1988 and February 26, 1988. On either February 29, 1988 or March 1, 1988, the solicitor's office gave copies of everything in its file, including the initial handwriting analysis reports, to the public defender's office. On March 2, 1988, a copy of the final reports was made for and picked up by Kolb.

On March 3, 1988, Babb's case was called for trial. Kolb moved for a continuance for the purpose of obtaining the services of a handwriting expert. Kolb argued that to properly defend Babb, due process necessitated that he obtain his

own handwriting expert. Kolb stated that he had difficulty in obtaining such expert because he or his office had not acquired the case until the week before. Kolb also stated that his office was unaware that Babb's case was going to be called for trial until February 29, 1988 and that without a continuance, he would not be able to deliver effective assistance of counsel. The trial court inquired into Kolb's trial and workload for the week and a half preceding Babb's trial. Kolb stated that although he had not tried any cases during that period, he had handled a number of pleas.

The trial judge denied Babb's motion for a continuance, finding that there had been notice since November. The trial judge also found that because the public defender's office had been appointed to represent Babb a week and a half prior to the trial, Kolb had adequate time to prepare. The trial judge noted that Kolb had not been involved in trial and McWhirter, Kolb's boss, was on notice that Babb's case would be tried immediately when it was called. Finally, the trial judge placed fault on Babb who originally had representation by both a private attorney and a public defender, but then stated that he did not want an attorney. The trial judge found that Babb had acted in a "very frivolous manner." Babb then made a motion to suppress the testimony of the State's handwriting expert which was also denied for the same reasons.

## DISCUSSION

### I. TRIAL JUDGE'S DENIAL OF A MOTION FOR A CONTINUANCE

Babb argues that the trial judge abused his discretion in denying his motion for a continuance based upon his inadequate time to obtain his own handwriting expert. The granting or denial of a motion for a continuance is within the sound discretion of the trial judge whose ruling will not be disturbed on appeal absent an abuse of discretion resulting in prejudice to the appellant. *State v. Dingle*, 279 S. C. 278, 306 S. E. (2d) 223 (1983).

When a motion for a continuance is based upon the contention that counsel for the defendant has not had time to prepare his case its denial by the trial court has

rarely been disturbed on appeal. It is axiomatic that determination of such motions must depend upon the particular facts and circumstances of each case.

*State v. Motley*, 251 S. C. 568, 572, 164 S. E. (2d) 569, 570 (1968). Further, a party cannot complain of an error which his own conduct has induced. *State v. Stroman*, 281 S. C. 508, 316 S. E. (2d) 395 (1984).

The record in this case clearly establishes that any shortage of time to prepare a defense was not the fault of the trial judge or the State, but rather the fault of Babb in failing to act. We find that the trial judge did not abuse his discretion in denying the motion for a continuance.

## II. TRIAL JUDGE'S DENIAL OF A MOTION FOR THE SUPPRESSION OF THE TESTIMONY OF THE STATE'S HANDWRITING EXPERT

Babb also argues that the trial court violated his right to a fair trial by denying his motion to suppress the testimony of the State's handwriting expert. Babb contends that since the defense did not have time to secure its own handwriting expert, it was unfair that the testimony of the State's handwriting expert was admitted. We disagree.

The conduct of a trial, including the admission and rejection of proffered testimony, is left largely to the sound discretion of the trial court whose exercise of such will not be disturbed on appeal unless there has been an abuse of discretion or commission of legal error in its exercise, and the rights of the complaining party have been prejudiced. *State v. Sullivan*, 277 S. C. 35, 282 S. E. (2d) 838 (1981); *State v. Groome*, 274 S. C. 189, 262 S. E. (2d) 31 (1980); *State v. Gregory*, 198 S. C. 98, 16 S. E. (2d) 532 (1941). The failure of the defense to secure its own handwriting expert at trial was the result of Babb's failure to act rather than the result of any state action. The trial judge properly denied Babb's motion to suppress testimony of the State's handwriting expert.

Babb's remaining exception is disposed of pursuant to Supreme Court Rule 23 and the following authorities: *State v. Conyers*, 268 S. C. 276, 233 S. E. (2d) 95 (1977); *State v. Gregory*, 198 S. C. 98, 16 S. E. (2d) 532 (1941); *State v. Lyle*,

125 S. C. 406, 118 S. E. 803 (1923); and *State v. Nix,* 288 S. C. 492, 343 S. E. (2d) 627 (Ct. App. 1986).

Affirmed.

GREGORY, C. J., FINNEY and TOAL, JJ., and BRUCE LITTLE-JOHN, Acting Associate Justice, concur.