1583

NCNB SOUTH CAROLINA, formerly Bankers Trust of South Carolina, Respondent v. Elvin L. FLOYD, J.N. Floyd, Geneva B. Floyd, and Judy K. Barrett, Defendants, of whom Elvin L. Floyd is Appellant.

(399 S.E. (2d) 794)

Court of Appeals

■■ ■■■■■■■
■■■■■

*W. Paul Culbertson,* of *Culbertson, Whitesides & Turner,* Laurens, *for appellant.*

*Joseph W. Hudgens,* Newberry, *for respondent.*

Heard Nov. 5, 1990.

Decided Dec. 10, 1990.

GARDNER, Judge:

NCNB instituted this foreclosure action against Elvin L. Floyd (Elvin) and others. The matter was referred to Thomas F. Babb, a Special Master. The order of reference provided that the Special Master enter final judgment and an appeal would be directly to the Supreme Court. Subsequent to a foreclosure decree and a judicial sale of part of the mortgaged premises, Elvin moved to vacate the foreclosure decree and sale. The motion was denied. We affirm.

## ISSUES

The only two issues of merit are (1) whether the Special Master erred in holding that Elvin L. Floyd was given notice of the foreclosure hearing and (2) whether the Special Master erred in holding that there was no binding contract between Elvin L. Floyd and NCNB to stop the foreclosure proceedings.

## FACTS

Elvin borrowed $50,000 from NCNB in 1987. The loan was secured by a mortgage on land owned by Elvin and his parents, J. N. Floyd and Geneva B. Floyd.

NCNB commenced the foreclosure action by filing a Summons and Complaint on May 17, 1988. Notice of the foreclosure hearing was mailed by regular mail to Elvin and his parents at his parents' address in Joanna, South Carolina—the address Elvin gave the bank at the time of the closing on the loan. Elvin's mother and her attorney appeared at the hearing, but neither Elvin nor his parents answered the complaint. The Special Master filed a default foreclosure decree on January 10, 1989.

On February 1, 1989, Elvin (acting by and through his mother, Geneva B. Floyd, as attorney in fact for Elvin) moved

before the Court of Common Pleas for an order vacating and setting aside the report of the Special Master.

The motion was heard by Judge James E. Moore who issued his order on February 6, 1989, denying the motion but providing that a tract of land containing 29.3 acres Elvin had sold to Ricky Wayne Frazier on June 6, 1988, be excluded from the foreclosure sale. The sale took place in accordance with Judge Moore's order. Subsequently, Judge Moore learned that the case had been referred to a Special Master with the right to enter final judgment with direct appeal. He then entered an order setting aside his order of February 6, 1989.

On March 16, 1989, Elvin moved the Special Master to vacate and set aside the foreclosure decree. The Special Master elected to hear the motion as one made under Rule 59 SCRCP. No appeal was taken[1] to this ruling and we address the issues as presented on appeal. Rule 59 SCRCP provides, *inter alia*, that on a motion for a new trial, the court may open the judgment if one has been entered and amend his findings of fact and conclusions of law or make new findings and conclusions and direct the entry of a new judgment. Based upon this provision of the rule, the Special Master heard the motion based upon affidavits and the prior testimony taken at the foreclosure proceeding.

The Special Master by the appealed order held (1) that NCNB properly noticed Elvin of the foreclosure hearing and (2) that there was no binding contract between Elvin and NCNB to stop the foreclosure proceedings.

## DISCUSSION

### I.

We hold that NCNB properly noticed Elvin by the letter mailed to him, his mother and father at 504 Milton Road, Joanna, South Carolina. We, therefore, affirm the ruling of the Special Master that such mailing was notice of the hearing.

---

[1] The matter should have been considered a Rule 55(c) SCRCP motion. Considered under Rule 59 SCRCP, the motion was not timely made. We find no good cause to vacate the judgment under Rule 55(c). We, nevertheless, address the issues presented under Rule 59 SCRCP.

Notice was obviously received at the Joanna address because Elvin's mother, Geneva B. Floyd, and an attorney representing her and her husband appeared at the hearing. Elvin contends, however, that the notice was ineffective because he did not live at the Milton Road residence of his parents. He also contends that the bank knew that Joanna was not his address, despite the fact that the Milton Road address was the address he gave the bank when he received the loan.

Elvin states that he was living in Myrtle Beach at the time, but there is nothing in the record (not even in his lengthy affidavit in support of the motion to vacate) that gives a specific address in Myrtle Beach.

Rule 5(b)(1) SCRCP provides in pertinent part that where service is required upon a party, it shall be made by . . . "mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of court."

We concur with the Special Master in his ruling that Elvin was properly served under Rule 5(b)(1) SCRCP. The address to which the notice was mailed was the last address known to NCNB. Elvin fails to give any specific address at which he could have been located. The record indicates that Elvin had no specific address but was moving from place to place around Myrtle Beach. We accordingly affirm the appealed order's ruling as to notice of the hearing.

## II.

We also affirm the trial court's ruling that there was no enforceable agreement between the bank and Elvin to stop the foreclosure. On appeal of an equitable action tried by a trial judge without a reference, this Court can find facts in accordance with its own view of the evidence. *Gray v. South Carolina Public Service Authority*, 284 S.C. 397, 325 S.E. (2d) 547 (1985). The same rule applies when the Special Master has the right to enter final judgment with direct appeal. *See May v. Hopkinson*, 289 S.C. 549, 347 S.E. (2d) 508 (Ct. App. 1986).

When an agreement is ambiguous, the court may consider extraneous evidence including testimony concerning circumstances surrounding its execution and determining the intent of the parties. *Columbia East Assoc. v. Bi-Lo, Inc.*, 299 S.C. 515, 519, 386 S.E. (2d) 259 (Ct. App. 1989).

The facts concerning the alleged contract between Elvin and NCNB to stop the foreclosure proceeding center around a letter dated August 2, 1988, to Elvin from Tommy Cooke of NCNB which provides:

> This letter is written to further clearify [sic] our conversation this date. I have committed to stop the foreclosure proceedings upon receipt of $27,000 and at this time NCNB will release fourty [sic] acres of the 115 acres tract of land. At this time, NCNB will renew the balance due on your loan for sixty days to be paid in full at that time.
>
> If any question or if you do not understand our position please call.

With reference to this letter, the Special Master in the appealed order wrote, "I have some problems with the clarity of this letter: What forty acres?; Stop the foreclosure. Does this mean to dismiss the action or to forebear going forward with it?" We agree that the letter is indefinite as to the acreage released, and its meaning ambiguous as to whether upon payment of $27,000 the foreclosure action was to be dismissed or held in abeyance for a period of 60 days. Extrinsic evidence was, therefore, admissible.

At a hearing in November 1988, Cooke testified in essence that the parties had agreed and intended that (1) Elvin would have a plat made of the property to be released and (2) upon receipt of the plat, the bank would release the property provided that Elvin would pay the $27,000 and renew the remaining balance by execution of a note providing for payment in full in 60 days. Cooke testified that the $27,000 was paid but he never received a plat describing the property for release and that the foreclosure proceeding was delayed for more than 60 days. We hold that the preponderance of the evidence of record establishes that the agreement was in accord with Cooke's testimony. The record establishes that Elvin did not deliver a plat to the bank from which a release could have been drawn. The evidence also establishes that the bank delayed foreclosure proceedings for more than 60 days.

Based upon our conclusions of the preponderance of the evidence, Elvin did not comply with the terms of the agreement between him and Cooke because he failed to furnish the plat

of the acreage to be released. Additionally, we hold that the preponderance of the evidence clearly establishes that it was the intent of the parties that the loan would be paid in full by Elvin within 60 days; the 60 day extension ended October 17, 1988. We hold that Elvin was not prejudiced by the bank's proceeding with the foreclosure action.

We hold that the alleged agreement between NCNB and Elvin was not enforceable by Elvin because of his failure to furnish a plat from which the release might be drawn and his failure to pay the note in full by October 17, 1988.

The remaining issues presented by Elvin are without merit.

## CONCLUSION

For the reasons given, we hold (1) that Elvin was legally and properly served with the notice of the foreclosure hearing, and (2) that Elvin did not comply with the intent of the parties relating to the release. For these reasons, the appealed order is affirmed.

Affirmed.

SANDERS, C.J., and LITTLEJOHN, A.J., concur.