THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 James Robert
 Nash, Appellant.
 
 
 

Appeal From Pickens County
Judge G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No. 2012-UP-075
 Heard December 6, 2011  Filed February 8,
2012   

AFFIRMED

 
 
 
 Appellate Defender LaNelle Cantey Durant,
 of Columbia, for Appellant. 
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia, for Respondent.
 
 
 
 

PER CURIAM:  James
 Robert Nash appeals his convictions of criminal sexual conduct (CSC) with a
 minor, first degree, and lewd act on a minor under sixteen years of age.  Nash
 argues the trial court erred in: (1) denying his request for a continuance in
 order to reevaluate his competency; (2) qualifying an expert witness; (3)
 allowing the solicitor to testify in his closing argument regarding evidence
 not admitted during trial; and (4) admitting evidence of two other bad acts. 
 We affirm pursuant to Rule 220(b), SCACR, and the following authorities:
1. As to the
 continuance: A trial court's decision on a motion for continuance or a request to
 order a competency evaluation is within the trial court's discretion, and the
 decision will not be overturned on appeal absent a clear showing of an abuse of
 that discretion.  State v. Locklair, 341 S.C. 352, 364, 535 S.E.2d 420, 426 (2000)
 (competency); State v. Babb, 299 S.C. 451,
 454, 385 S.E.2d 827, 829 (1989) (continuance).  The test for determining
 competency to stand trial is whether the defendant has sufficient present
 ability to consult with his lawyer with a reasonable degree of rational
 understanding and whether he has a rational and factual understanding of the
 proceedings against him.  State v. Weik, 356 S.C. 76, 81, 587 S.E.2d
 683, 685 (2002); see State v. Colden, 372 S.C. 428, 441-42, 641
 S.E.2d 912, 920 (Ct. App. 2007) (finding no abuse of discretion by the trial
 court in not ordering a competency examination where defendant's voir dire with
 the court conclusively revealed defendant's ability to answer questions
 rationally and appropriately, and defendant demonstrated a manifest
 understanding of the proceedings, the roles of the participants, and the
 charges he was facing).  We find no abuse of discretion in the trial court's denial
 of a continuance in order to reevaluate Nash's competency. 
2. As to the
 qualification of the expert: The qualification of a witness as an expert
 is a matter largely within the trial court's discretion.  State
 v. Myers, 301 S.C. 251, 255, 391 S.E.2d 551, 554 (1990).  "If scientific, technical, or other specialized
 knowledge will assist the trier of fact to understand the evidence or to
 determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or
 education, may testify thereto in the form of an opinion or otherwise." 
 Rule 702, SCRE.  "Generally, defects in the amount and quality of an expert's education or experience go to the weight to be
 accorded the expert's testimony and not to its
 admissibility."  State v. Morris,
 376 S.C. 189, 203, 656 S.E.2d 359, 367 (2008).  We find no abuse of
 discretion in the trial court's qualification of the expert.
3. As to the
 solicitor's closing argument: The trial
 court has broad discretion in ruling on the propriety of closing arguments, and
 ordinarily the ruling will not be disturbed on appeal.  State v. Patterson,
 324 S.C. 5, 17, 482 S.E.2d 760, 766 (1997).  The appellate court will review
 the argument in the context of the entire record.  Id.  "The
 relevant question is whether the solicitor's comments so infected the trial
 with unfairness as to make the resulting conviction a denial of due
 process."  Humphries v. State, 351 S.C. 362, 373, 570 S.E.2d 160,
 166 (2002).  We affirm the trial court's ruling on the propriety of the
 solicitor's closing argument.
4. As to the admission
 of other bad acts: "Evidence of other crimes, wrongs, or acts is not
 admissible to prove the character of a person in order to show action in
 conformity therewith. It may, however, be admissible to show motive, identity,
 the existence of a common scheme or plan, the absence of mistake or accident,
 or intent."  Rule 404(b), SCRE.  "If the defendant was not convicted
 of the prior crime, evidence of the prior bad act must be clear and
 convincing."  State v. Gaines, 380 S.C. 23, 29, 667 S.E.2d 728, 731
 (2008).  When considering whether there is clear and convincing evidence of
 other bad acts, the appellate court is bound by the trial court's factual
 findings unless they are clearly erroneous.  State v. Wilson, 345 S.C.
 1, 6, 545 S.E.2d 827, 829 (2001).  "Even if prior bad act evidence is
 clear and convincing and falls within [the common scheme or plan] exception, it
 must be excluded if its probative value is substantially outweighed by the
 danger of unfair prejudice to the defendant."  Gaines, 380 S.C. at
 29, 667 S.E.2d at 731.  
"To be admissible [under
 the common scheme or plan exception], the bad act must logically relate to the
 crime with which the defendant has been charged."  Id.  The factors
 to consider in determining whether there is a close degree of similarity
 between the other bad act and the crime charged in a sexual abuse case are: 
 "(1) the age of the victims when the abuse occurred; (2) the relationship
 between the victims and the perpetrator; (3) the location where the abuse
 occurred; (4) the use of coercion or threats; and (5) the manner of the
 occurrence, for example, the type of sexual battery."  State v. Wallace, 384 S.C. 428, 433, 683 S.E.2d 275, 278 (2009).  The
 common scheme or plan exception is generally applied in cases of criminal
 sexual conduct where alleged incidents of abuse both before and after the
 charged act are admissible to show continuing or escalating illicit intercourse
 between the same parties.  State v. Mathis, 359 S.C. 450, 463-64, 597
 S.E.2d 872, 879 (Ct. App. 2004) (admitting evidence of three earlier assaults
 on the victim where they were attempted in the same manner and under similar
 circumstances); id. at 464, 597 S.E.2d at 879 (quoting State v.
 Tutton, 354 S.C. 319, 328, 580 S.E.2d 186, 191 (Ct. App. 2003)) ("Sex
 crimes may be unique in this respect because they commonly involve the same
 victims engaged in repeated incidents occurring under very similar
 circumstances.  The reason for the general admissibility of such evidence under
 these circumstances is self-evident  where there is a pattern of continuous
 conduct shown, that pattern clearly supports the inference of the existence of
 a common scheme or plan, thus bolstering the probability that the charged act
 occurred in a similar fashion.").  We affirm the trial court's ruling that
 the evidence was admissible under the common scheme or plan exception, was
 demonstrated by clear and convincing evidence, and that the probative value of
 the evidence outweighed its prejudicial effect. 
AFFIRMED.
SHORT, WILLIAMS,
 and GEATHERS, JJ., concur.