**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Steve McFarland, Appellant.

Appellate Case No. 2010-168967

———————————

Appeal From Lancaster County
Paul M. Burch, Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-586
Submitted October 1, 2012 – Filed October 31, 2012

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine H. Hudgins, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Salley W. Elliott, and Assistant
Attorney General Mark Reynolds Farthing, all of
Columbia; and Solicitor Douglas A. Barfield, Jr., of
Lancaster, for Respondent.

———————————

**PER CURIAM:** Steve McFarland appeals his conviction of shoplifting, third offense, arguing the trial court erred in: (1) refusing to grant McFarland's motion for a continuance and beginning the trial *in absentia*; (2) sentencing McFarland for contempt; and (3) imposing an excessive sentence because McFarland opted for a jury trial. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in refusing to grant McFarland's motion for a continuance: *State v. Babb*, 299 S.C. 451, 454, 385 S.E.2d 827, 829 (1989) ("The granting or denial of a motion for a continuance is within the sound discretion of the trial [court] whose ruling will not be disturbed on appeal absent an abuse of discretion resulting in prejudice to the appellant."); *State v. Ravenell*, 387 S.C. 449, 455, 692 S.E.2d 554, 557 (Ct. App. 2010) ("Reversals of refusal of a continuance are about as rare as the proverbial hens' teeth.").

2. As to the remaining issues: *State v. Hoffman*, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) ("A contemporaneous objection is required to properly preserve an error for appellate review."); *State v. Blalock*, 357 S.C. 74, 79, 591 S.E.2d 632, 635 (Ct. App. 2003) ("In order to preserve an error for appellate review, a defendant must make a contemporaneous objection on a specific ground."); *State v. Passmore*, 363 S.C. 568, 583, 611 S.E.2d 273, 281 (Ct. App. 2005) ("Our courts have consistently refused to apply the plain error rule." (citation and internal quotation marks omitted)).

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.