**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Charleston County Department of Social Services, Respondent,

v.

Angela E., Eric James W., and John Doe, Defendants,

Of whom Angela E. is the Appellant,

In the interest of a minor child under the age of eighteen.

Appellate Case No. 2012-212814

———————

Appeal From Charleston County
Judy L. McMahon, Family Court Judge

———————

Unpublished Opinion No. 2013-UP-172
Submitted April 8, 2013 – Filed April 22, 2013

———————

**AFFIRMED**

———————

Thomas Dyllan Rankin, of The Law Office of T. Dyllan Rankin, LLC, of Charleston, for Appellant.

Bonnie T. Brisbane, of Charleston County Department of Social Services, of North Charleston, for Respondent.

Joshua Keith Roten, of Charleston, for Guardian ad Litem.

---

**PER CURIAM:**  Angela E. (Mother) appeals the family court's final order terminating her parental rights, which also denied her motion for a continuance. Mother appeals the order denying her motion for continuance, arguing the family court erred in finding she received notice of trial and abused its discretion in denying her motion for a continuance.  We affirm.

1. As to whether the family court erred in finding the notice sent to Mother at her Georgia address notified Mother of the trial:[1] Rule 5(b)(1), SCRCP (providing in part, when service is required upon a party, it "shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of court"); *id.* (providing "[s]ervice by mail is complete upon mailing of all pleadings and papers subsequent to service of the original summons and complaint"); *NCNB S.C. v. Fl*oyd, 303 S.C. 261, 264, 399 S.E.2d 794, 796 (Ct. App. 1990) (holding the defendant was properly served under Rule 5(b)(1), SCRCP, when the address to which the notice was mailed was the last address known to the plaintiff).[2]

---

[1] While the family court's final order terminating Mother's parental rights states that: "[t]he last address that [Mother] provided to the Department of Social Services . . . is in Mount Pleasant, South Carolina[,]" this does not affect the merits of this issue because the Department sent notice of the trial to Mother at her Georgia address, the same address where Mother was personally served with the summons and complaint, and the record contains evidence that Mother's address has not changed since the commencement of the termination of parental rights action.

[2] While Mother and the Department of Social Services contend otherwise, Rule 17(a), SCRFC, which is entitled "Failure to File Answer," does not apply to the circumstances of this case because Mother filed an answer.  *See* Rule 17(a), SCRFC ("In domestic relations matters, even though the defendant *does not file an answer*, notice of the time and date of the merits hearing shall be given to the defendant. If the defendant is not represented by counsel, notice as required by this rule shall be sufficient if mailed to the defendant at his last known address, by certified mail, return receipt requested. The defendant may be heard at the merits

2. As to whether the family court abused its discretion in denying Mother's motion for a continuance: *S.C. Dep't of Soc. Servs. v. Broome*, 307 S.C. 48, 51, 413 S.E.2d 835, 838 (1992) ("The granting or denial of a continuance is within the sound discretion of the trial [court] and is reviewable on appeal only when an abuse of discretion appears from the record."); *id. at* 51-52, 413 S.E.2d at 838 ("[T]he denial of a motion for a continuance on the ground that counsel has not had time to prepare is rarely disturbed on appeal."); *State v. Babb*, 299 S.C. 451, 455, 385 S.E.2d 827, 829 (1989) (denying a motion for a continuance when shortage of time to prepare defense was not the fault of the trial court or the State but rather the fault of the defendant in failing to act).

**AFFIRMED.**[3]

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**

---

hearing on issues of custody of children, visitation, alimony, support, equitable distribution, and counsel fees." (emphasis added)).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.