**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

JP Morgan Chase Bank, National Association,
Respondent,

v.

Leah B. Sample and JP Morgan Chase Bank, National Association s/b/m to Providian National Bank,
Defendants,

Of whom Leah B. Sample is the Appellant.

Appellate Case No. 2013-001930

Appeal From York County
Clyde N. Davis, Jr., Special Referee

Unpublished Opinion No. 2015-UP-361
Submitted May 1, 2015 – Filed July 15, 2015

**AFFIRMED**

David B. Sample, of Rock Hill, for Appellant.

Benjamin Rush Smith, III and Michael J. Anzelmo, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *Bloody Point Prop. Owners Ass'n, Inc. v. Ashton*, 410 S.C. 62, 66, 762 S.E.2d 729, 731 (Ct. App. 2014) ("The determination of whether to set aside a foreclosure sale is a matter within the discretion of the trial court."); *id.* ("An abuse of discretion occurs when the conclusions of the [trial] court are either controlled by an error of law or are based on unsupported factual conclusions." (internal quotation marks omitted)); Rule 5(b)(1), SCRCP ("Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of court."); *NCNB S.C. v. Floyd*, 303 S.C. 261, 264, 399 S.E.2d 794, 795-96 (Ct. App. 1990) (holding service was proper under Rule 5 when a bank mailed its notices to a defendant's last known address and the defendant moved "from place to place" but did not provide the address where he could be located).

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.