**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Wayne Albeon Scott, Jr., Appellant.

Appellate Case No. 2013-002365

———————————

Appeal From Florence County
George C. James, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-513
Submitted October 1, 2015 – Filed November 12, 2015

———————————

**AFFIRMED**

———————————

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Donald J. Zelenka, and
Assistant Attorney General Kaycie Smith Timmons, all
of Columbia; and Solicitor Edgar Lewis Clements, III, of
Florence, for Respondent.

———————————

**PER CURIAM:** Wayne Scott appeals his convictions for murder and possession of a weapon during a violent crime, arguing the trial court erred in failing to (1) grant him immunity from prosecution for the murder charge pursuant to section 16-11-410 South Carolina Code (Supp. 2014), the Protection of Persons and Property Act (the Act), and (2) charge the jury on the Act. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in failing to grant immunity under the Act: *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which [the appellate] court reviews under an abuse of discretion standard of review."); *State v. Douglas*, 411 S.C. 307, 316, 768 S.E.2d 232, 238 (Ct. App. 2014) ("[T]he abuse of discretion standard of review does not allow this court to reweigh the evidence or second-guess the trial court's assessment of witness credibility."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *Curry*, 406 S.C. at 371, 752 S.E.2d at 266 ("Consistent with the Castle Doctrine and the text of the Act, a valid case of self-defense must exist, and the trial court must necessarily consider the elements of self-defense in determining a defendant's entitlement to the Act's immunity."); *id.* ("This includes all elements of self-defense, save the duty to retreat."); *id.* at 372, 752 S.E.2d at 267 ("[I]mmunity is predicated on an accused demonstrating the elements of self-defense to the satisfaction of the trial court by the preponderance of the evidence.").

2. As to whether the trial court erred is failing to charge the jury on the Act: *State v. Dunbar,* 356 S.C. 138, 141, 587 S.E.2d 691, 694 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Rios*, 388 S.C. 335, 342, 696 S.E.2d 608, 612 (Ct. App. 2010) (stating failure to contemporaneously object to jury charges fails to preserve the issue for appellate review); *State v. Babb*, 299 S.C. 451, 455, 385 S.E.2d 827, 829 (1989) ("[A] party cannot complain of an error which his own conduct has induced.").

**AFFIRMED.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**