**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David Lee Walker, Appellant.

Appellate Case No. 2015-000519

———————

Appeal From Laurens County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-169
Submitted February 1, 2017 – Filed April 19, 2017

———————

**AFFIRMED**

———————

Appellate Defender John Harrison Strom, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Sherrie Butterbaugh, all of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

———————

**PER CURIAM:** David Lee Walker appeals his conviction for murder, arguing the trial court erred by (1) charging the jury on the accomplice liability principle of "the hand of one is the hand of all" because the evidence at trial did not support the charge, and (2) denying Walker's motion for a continuance so he could retain an expert in gunshot residue analysis because the expert was necessary to present a complete defense. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court abused its discretion by charging the jury with "the hand of one is the hand of all": *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial [court]'s decision regarding a jury charge absent an abuse of discretion."); *Barber v. State*, 393 S.C. 232, 236, 712 S.E.2d 436, 439 (2011) ("Like a lesser-included offense, an alternate theory of liability may only be charged when the evidence is equivocal on some integral fact and the jury has been presented with evidence upon which it could rely to find the existence or nonexistence of that fact."); *id.* at 236-37, 712 S.E.2d at 439 ("Under the 'hand of one is the hand of all' theory, one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose.").

2. As to whether the trial court abused its discretion by denying Walker's motion for a continuance: *State v. Meggett*, 398 S.C. 516, 523, 728 S.E.2d 492, 496 (Ct. App. 2012) ("The denial of a motion for a continuance is within the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion resulting in prejudice."); *id.* at 523, 728 S.E.2d at 496 ("When a motion for a continuance is based upon the contention that counsel for the defendant has not had time to prepare his case its denial by the trial court has rarely been disturbed on appeal." (quoting *State v. Babb*, 299 S.C. 451, 454-55, 385 S.E.2d 827, 829 (1989))); *State v. Williams*, 321 S.C. 455, 459, 469 S.E.2d 49, 51-52 (1996) ("Where there is no showing that any other evidence on behalf of the appellant could have been produced, or that any other points could have been raised had more time been granted for the purpose of preparing the case for trial, the denial of a motion for continuance is not an abuse of discretion.").

**AFFIRMED.**

**LOCKEMY, C.J., and GEATHERS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.