**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Dameion Edwin Thomas, Appellant.

Appellate Case No. 2019-001794

_____

Appeal From Edgefield County
Frank R. Addy, Jr., Circuit Court Judge

_____

Unpublished Opinion No. 2021-UP-416
Submitted October 25, 2021 – Filed November 17, 2021

_____

**AFFIRMED**

_____

Tyrone J. Walls, of Atlanta, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody J. Brown, and Assistant Attorney General W. Joseph Maye, all of Columbia, and Solicitor S. Rick Hubbard, III, of Lexington, all for Respondent.

_____

**PER CURIAM:**  A jury convicted Dameion Edwin Thomas of murder.  Here, he seeks to reverse that conviction and secure a new trial based on the argument that the circuit court erred in denying his motion for a continuance.

Thomas asked for a continuance on the grounds that the sheriff's lead investigator on the case had recently been hospitalized and was unavailable to testify.  In camera, Thomas told the circuit court the State had a strong case and he needed to be able to cross-examine the investigator in order to effectively attack the investigation.

The circuit court denied the request.  The court explained Thomas could explore the same strategy through questioning other witnesses and said it would give Thomas latitude during cross-examination given the investigator's absence.

This court reviews the denial of a continuance under the abuse of discretion standard. *State v. Babb*, 299 S.C. 451, 454, 385 S.E.2d 827, 829 (1989).  We cannot say the circuit court abused its discretion.  The court said it would allow Thomas to fully pursue his strategy of cross-examining other witnesses about alleged missteps and inconsistencies in the investigation.  The court also noted the investigator was not an eyewitness, that other witnesses would be recounting first-hand observations of the shooting, and that Thomas's strategy of attacking the investigation could be accomplished through witnesses.  *See State v. Nelson*, 431 S.C. 287, 304–05, 847 S.E.2d 480, 490 (Ct. App. 2020) (noting testimony that is cumulative to other evidence does not supply a strong basis for a continuance).  We are not in a position to second guess this on-the-ground determination, particularly when we are reviewing the cold record, which so often conveys a different atmosphere than the live courtroom.

We also agree with the State that even if the denial of the continuance was error, as a practical matter we cannot correct that by having the investigator available for cross-examination because he died shortly after Thomas's trial.  If the continuance had been granted, or if we were to remand, the trial would still be conducted without the witness Thomas claims was critical.

Finally, we reject the argument that the investigator's absence denied Thomas the constitutional right to confront his accuser as manifestly without merit.  We decide this case without oral argument pursuant to Rule 215, SCACR.

**AFFIRMED.**

**KONDUROS, HILL, and HEWITT, JJ., concur.**