**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jessica Nicole Barber, Respondent,

v.

Stanton Quentin Moss, Appellant.

Appellate Case No. 2021-001433

Appeal From York County
David G. Guyton, Family Court Judge

Unpublished Opinion No. 2023-UP-085
Submitted February 28, 2023 – Filed March 13, 2023

**AFFIRMED**

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for Appellant.

Margaret Elizabeth Decker and Carrie L. Lehmann, both
of Sodoma Law, P.C., of Rock Hill, for Respondent.

N. Beth Ramsey Faulkner, of Faulkner Law Firm, LLC,
of Clover, for the Guardian ad Litem.

**PER CURIAM:** Stanton Moss (Father) appeals a family court order terminating his parental rights to his minor children (Children). On appeal, he argues the

family court erred in finding (1) he willfully failed to visit Children, (2) he willfully failed to support Children, and (3) termination of parental rights (TPR) was in Children's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, it is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52. The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest. S.C. Code Ann. § 63-7-2570 (Supp. 2022). The grounds for TPR must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

The family court properly found clear and convincing evidence showed Father willfully failed to support Children. *See* § 63-7-2570(4) (providing a statutory ground for TPR is met when a "child has lived outside the home of either parent for a period of six months, and during that time the parent has wil[l]fully failed to support the child"); *S.C. Dep't of Soc. Servs. v. Broome*, 307 S.C. 48, 53, 413 S.E.2d 835, 839 (1992) ("Conduct of the parent which evinces a settled purpose to forego parental duties may fairly be characterized as 'willful' because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent."); *id.* at 52, 413 S.E.2d at 838 (stating the family court's determination of willfulness is given "wide discretion" but confirming willfulness must be shown by clear and convincing evidence).

At the October 24, 2021 TPR hearing, Father admitted he had not contributed to Children's care since April or May 2017. Moreover, he testified he held numerous jobs from 2017 until the TPR hearing, collected unemployment during the COVID-19 pandemic, and supported another of his children as well as a child who was not biologically related to him. Although Father asserted he did not offer support because Jessica Barber (Mother) told him she did not want his money, Mother denied indicating she did not want support from Father; the family court generally found Mother's testimony was more credible than Father's and specifically found Father's inability to provide any support for Children was "unfathomable." Father also acknowledged he never filed an action for child support and never mailed Children birthday cards, checks, or any other items, despite knowing where Mother and Children lived. Based on Father's failure to provide any measure of support despite his demonstrated ability to do so, we hold

clear and convincing evidence showed he willfully failed to support Children. *See* § 63-7-2570(4) ("The court may consider all relevant circumstances in determining whether or not the parent has wil[l]fully failed to support the child, including requests for support by the custodian and the ability of the parent to provide support."); *Parker*, 336 S.C. at 256, 519 S.E.2d at 355 ("Whether a parent's failure to visit or support a child is 'willful' within the meaning of [the statute] is a question of intent to be determined from all the facts and circumstances in each case.").

The family court properly found clear and convincing evidence showed TPR was in Children's best interest. *See S.C. Dep't of Soc. Servs. v. Cochran*, 364 S.C. 621, 626, 614 S.E.2d 642, 645 (2005) ("Parental rights warrant vigilant protection under the law and due process mandates a fundamentally fair procedure when the state seeks to terminate the parent-child relationship."); *id.* ("However, a child has a fundamental interest in terminating parental rights if the parent-child relationship inhibits establishing secure, stable, and continuous relationships found in a home with proper parental care."); *id.* at 626-27, 614 S.E.2d at 645 ("In balancing these interests, the best interest of the child is paramount to that of the parent."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013). ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").

Father admitted that at the time of the TPR hearing, he had not seen Children or attempted to support them for over four years. As described above, Father also had not attempted to contact Children or send them letters, cards, or any other item in order to foster a connection with them. The guardian ad litem (GAL) reported Children were aware they had no contact with Father, and Child 2—who was eight years old at the time of the hearing—had lived apart from Father since she was an infant. Further, Mother testified she had a stable home, was able to support Children on her own, and Children were close to their maternal grandmother, who provided support for Mother in the form of helping homeschool Child 2 and transporting Child 1 to and from school. The GAL testified Children were doing well and were comfortable in the home with Mother and Mother's parents. Thus, we hold TPR is in their best interest.[1]

---

[1] Because we find clear and convincing evidence showed Father willfully failed to support Children, we decline to address whether he willfully failed to visit Children. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d

**AFFIRMED.**[2]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another statutory ground).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.